**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**


Ryan R. Corman,                 )
                                          )
            Plaintiff,         )
                                            )             Case No.  3:14-cv-33
      vs.                     )
                                            )    **REPORT AND RECOMMENDATION**
Alex Schweitzer, Kerry Wicks, Larry Culp, )
and NDSH Clinical Team,      )
                                            )
          Defendants.      )

---

Ryan Ray Corman,               )
                                          )
            Plaintiff,         )
                                            )             Case No.  3:14-cv-55
      vs.                     )
                                            )    **REPORT AND RECOMMENDATION**
Shawn Lee, DCS, NDSH, Cathy Last Name )
Concealed DCA3, NDSH, Dale Last Name )
Concealed, DCA3, NDSH, and NDSH    )
Clinical Team of May 16, 2014, Secure #2, )
                                            )
         Defendants.      )

---

       Plaintiff Ryan Corman ("Corman"), who was until recently civilly committed at the

North Dakota State Hospital, filed a document titled as Motion for Protective Order and/or

Restraining Order in the above-referenced cases. Corman also filed a document titled as

Notification of Violations/Request for Intervention in 3:15-cv-55. In the documents, Corman

requests an order protecting him from retaliatory discipline by the defendants and other

employees at the North Dakota State Hospital. Despite the improper document titles, this court

concludes that Corman requests an injunction.

Corman is no longer civilly committed at the North Dakota State Hospital and so does not have standing to seek injunctive relief. On February 19, 2015, Corman submitted a notice of change of address stating that he now resides in an apartment in Fargo, North Dakota. To have standing to seek injunctive relief, Corman would have to show that he is "likely to suffer future injury that will be remedied by the relief sought." Elizabeth M. v. Montenez, 458 F.3d 779, 784 (8th Cir. 2006) (citation omitted). "'Past exposure to illegal conduct' is not enough absent present adverse effects." Id. (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)). A claim seeking to alter the conditions at an institution "normally becomes moot when the plaintiff is no longer subject to the challenged conditions." Id. (citing Inmates of Lincoln Intake & Det. Facility v. Boosalis, 705 F.2d 1021, 1023-24 (8th Cir. 1983)). Corman is no longer confined at the North Dakota State Hospital and has not demonstrated that he is likely to suffer any future injury at the facility which could be remedied through injunctive relief against any North Dakota State Hospital employee. It is **RECOMMENDED** that Corman's motions seeking injunctive relief (Case No. 3:14-cv-33, Doc. #21; Case No. 3:14-cv-55, Doc. #6 and Doc. #16) be **DENIED**.

Dated this 23rd day of February, 2015.

_/s/    Alice R. Senechal_
Alice R. Senechal
United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Local Court Civil Rule 72.1(D)(3), plaintiff may file written objections to this Report and Recommendation by March 9, 2015. Failure to file objections may result in the recommended action being taken.