IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Ryan Ray Corman,<br><br>    Plaintiff,<br><br>  -vs-<br><br>Alex Schweitzer, NDSH Superintendent, Kerry Wicks, NDSH Secure Services 'Program Director,' now retired, Larry Culp, NDSH Secure Services Unit Coordinator, NDSH Clinical Team, From . . . Aug[. 30, 20]12 to . . . Jan[. 16, 20]15, inclusive, Dr. Ernster, NDSH Physician, Nurse 'Sheila,' NDSH Secure Services RN, and Randy Perkins, NDSH Secure Services Nurse Practitioner,<br><br>    Defendants. | Case No. 3:14-cv-33<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Pursuant to 28 U.S.C. § 636, the court has received a Report and Recommendation from the Honorable Alice R. Senechal, United States Magistrate Judge.[1] The Report and Recommendation recommends that Corman's claims against the "NDSH Clinical Team" and the individual defendants named in their official capacities be dismissed with prejudice; that Corman's claims against Nurse Sheila be dismissed without prejudice; that Corman's claims seeking the recovery of property be dismissed without prejudice; and that Corman be allowed to pursue his claim for deliberate indifference to his serious medical needs against Defendants Alex Schweitzer, Kerry Wicks, Larry Culp, Travis Bullock, Randy Switters, Randy Perkins, and Dr. Ernster in their personal capacities. Corman has filed objections to the Report and Recommendation.[2]

---

[1] Doc. #33

[2] Doc. #36.

1

Corman reiterates in his objection that he has not alleged a claim of due process in this action because that claim is a primary component of another case in which he is involved. His objections pertain to the magistrate judge's recommendation not to provide counsel or allow him to investigate the identities of all members of the "NDSH Clinical Team" as well as the recovery of his "property." The court has considered Corman's objections and finds that they do not change the findings and conclusions of the magistrate judge.

The NDSH Clinical Team is not a person for purposes of an action under 42 U.S.C. § 1983. Corman's claims against the NDSH Clinical Team are dismissed with prejudice. In addition, because the claims against the defendants in their official capacities are construed as claims against the State of North Dakota for which the State has immunity from suits for damages in federal court, Corman's official capacity claims are dismissed with prejudice.

Corman requests an investigation or the assistance of the counsel to discover all the individuals that might have been involved in his medical care. In order to have a cognizable claim, Corman must establish that the individual actually was aware of Corman's medical need and deliberately disregarded his need.[3] In other words, Corman must show personal involvement. The court finds that Corman's request for an investigation is merely a fishing expedition. He has alleged the involvement of a number of individuals and there is no reason to believe that other unknown individuals were involved in the alleged deprivation of his medical needs.

Lastly, Corman asserts he is entitled to pursue his claim for the recovery of property. The property in question includes a set of expandable file folders containing legal research

---

[3] Allard v. Baldwin, 779 F.3d 768, 771 (8th Cir. 2015).

and "documentary evidence of which no copies are known to exist." He has not identified what damages flow from the alleged missing property, or any injury he has suffered. Moreover, he has noted that his previous lawyer, Richard Henderson, was told that no such file exists. Although Corman has not alleged a cognizable claim, the defendants are ordered to undertake a search to locate the missing property and return it to Corman if it is found.

After considering the magistrate judge's Report and Recommendation, reviewing the record, and analyzing Corman's objections, the court finds the magistrate judge's analysis of the claims and recommendations are appropriate. Accordingly, the court hereby adopts the Report and Recommendation in its entirety.

For the foregoing reasons, it is hereby **ORDERED** that

(1) Corman's claims against the "NDSH Clinical Team" and the individual defendants named in their official capacities are dismissed with prejudice;

(2) Corman's claims against Nurse Sheila are dismissed without prejudice;

(3) Corman's claims seeking the recovery of property are dismissed without prejudice; and

(4) Corman be allowed to pursue his claim for deliberate indifference to his serious medical needs against Defendants Alex Schweitzer, Kerry Wicks, Larry Culp, Travis Bullock, Randy Switters, Randy Perkins, and Dr. Ernster in their personal capacities.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 19th day of November, 2015.

                                                             */s/ Ralph R. Erickson*
                                                             Ralph R. Erickson, Chief Judge
                                                             United States District Court