# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ryan R. Corman, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 3:14-cv-33 |
| Alex Schweitzer, NDSH Superintendent; Kerry Wicks, NDSH Secure Services 'Program Director,' now retired; Larry Culp, NDSH Secure Services Unit Coordinator; Dr. Ernster, NDSH Physician; Randy Perkins, NDSH Secure Services Nurse Practitioner; Travis Bullock, in his personal capacity; and Randy Switters, in his personal capacity, | ) **REPORT AND RECOMMENDATION** |
|         Defendants. | ) |

This case concerns claims that the defendants were deliberately indifferent to the plaintiff's medical needs while he was in their custody. On September 29, 2016, the court held a status conference, during which three then-pending motions were discussed.[1] A September 30, 2016 order resolved two of the three motions, but deferred action on the plaintiff's motion for injunctive relief. This Report and Recommendation addresses that motion.

---

[1] In one of his motions, Corman stated that the defendants had not "obey[ed] the Court's instruction to return [his] unlawfully confiscated legal work and reference copies." (Doc. #72, p. 1). In an earlier order, the court found that Corman had not alleged a cognizable claim regarding the alleged missing property, but it ordered defendant to undertake a search to locate the alleged missing property and to return it to Corman if it were found. (Doc. #37, pp. 2-3). At the September 29th status conference, defense counsel stated that the defendants had not located any of Corman's property. Defendants have since submitted an affidavit of a security officer detailing the search and stating that none of Corman's property was found during that search. (Doc. #84-1).

**Summary**

The plaintiff seeks a preliminary injunction against non-parties, alleging claims unrelated to those at issue in this case. The plaintiff's motion for injunctive relief should therefore be denied.

**Facts**

Ryan R. Corman (Corman) alleges that, while he was civilly committed as a sex offender, the defendants were deliberately indifferent to his need for hip replacement surgery. He contends their indifference resulted in an approximately nineteen-month delay in him being provided that surgery. An earlier order found that Corman had stated a plausible claim against each of the defendants in their personal capacities. (Doc. #37).

Corman's current motion concerns his internet and library access being restricted under terms of a probationary sentence ordered by a state court. (Doc. #66). In supplements to his motion—filed after the September 29th status conference—he raises concerns of retaliation. (Doc. #90; Doc. #91). In essence, Corman alleges that his internet and library access restrictions result in denial of his access to legal research materials and impede his ability to prosecute this case. He further alleges fears of retaliation by "state agents" for his participation in this and other lawsuits.

Corman states that he has been allowed a limited exception to his internet and library access restrictions, in order to allow him to communicate with his counsel in another case pending in this court in which he is a plaintiff, <u>Ireland v. Anderson</u>, Case No. 3:13-cv-3. During the September 29th status conference, the court directed Corman to discuss with his state probation officer whether limited exceptions to those

restrictions for purposes of this litigation might be possible. (Doc. #81, p. 2). As the court directed, Corman filed a report of his request to his state probation officer, stating that he had made the request immediately following the status conference and that his probation officer had agreed to consult with her supervisors about the request. (Doc. #82). In his supplement to that report—filed one month later—he states that he has received no response from his probation officer. (Doc. #91, p. 6).

Subsequent to the September 29th status conference, the defendants filed a response, stating that the issues raised in Corman's motion for injunctive relief are outside their control and that the matter is moot as to them. (Doc. #83).

## Law and Discussion

The defendants state that Corman was discharged from their custody in January 2015. Although Corman has stated a plausible claim against the defendants for deliberate indifference to his medical needs, he has not stated a plausible claim that the defendants are personally responsible for his alleged denial of access to legal research materials or for retaliation. Corman's motion seeking a preliminary injunction is unrelated to the conduct giving rise to the complaint, and could be denied on that basis alone. See De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945) (A preliminary injunction is "appropriate to grant intermediate relief of the same character as that which may be granted finally," but not for "a matter lying wholly outside the issues in the suit."); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.); Lindsey v. Cockroft, No. 14-cv-27-bbc, 2014 WL 2808630, at *2 (W.D. Wisc. June 20, 2014)

3

(plaintiff not entitled to a preliminary injunction on matters unrelated to claims on which he was allowed to proceed).

Additionally, since he is no longer in the custody or control of any of the defendants, a preliminary injunction against these defendants would be of no effect. Courts generally "may not enter an injunction against a person who has not been made a party to the case before it." Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (Fed. Cir. 1996) (citing Scott v. Donald, 165 U.S. 107, 117 (1897)) ("The decree is also objectionable because it enjoins persons not parties to the suit."); see also Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) (courts may enjoin non-parties who are shown to be in active concert or participation with enjoined defendants).

## Conclusion

The court cannot order an injunction against persons who are not defendants in this action. Nor may Corman obtain an injunction on claims that are not set forth in his complaint or which have been dismissed by earlier orders of the court. It is therefore **RECOMMENDED** that Corman's motion for injunctive relief, (Doc. #66), be **DENIED**.

Dated this 29th day of November, 2016.

                                              */s/ Alice R. Senechal*
                                              Alice R. Senechal
                                              United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than December 16, 2016, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.